In the Matter of the Claim of PETER ANDERSON, Respondent, against BABCOCK & WILCOX Co. et al., Appellants.

CARL PIERLEONI et al., Respondents.

THE STATE INDUSTRIAL BOARD et al., Respondents.

(Argued March 24, 1931; decided April 7, 1931.)

*William B. Davis* and *E. C. Sherwood* for appellants. The disability was the result of the accident of December 3, 1926, and there was no other accident. (*Matter of Phillips* v. *Holmes Express Co.*, 190 App. Div. 336; 229 N. Y. 527; *Blackley* v. *Niagara Roofing Co.*, 225 App. Div. 432; *Herald* v. *Cohen & Simansky*, 186 App. Div. 933.)

*Walter L. Glenney* for Carl Pierleoni et al., Respondents. The finding that the second accident was the proximate cause of the later disability is supported by the evidence. (*Matter of State Treasurer* v. *U. S. T. Co.*, 233 N. Y. 202; *Matter of Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435; *Blackley* v. *Niagara Roofing Co.*, 225 App. Div. 432; *Phillips* v. *Holmes Express Co.*, 190 App. Div. 336; *Herald* v. *Cohen & Simansky*, 186 App. Div. 933.)

*John J. Bennett, Jr., Attorney-General* (*E. C. Aiken* of counsel), for State Industrial Board, respondent.

POUND, J.   On December 3, 1926, claimant, while in the employ of Carl Pierleoni, fell from a scaffold, striking his left hip on the ground. The attending physician reported contusion of left hip and left ankle. An X-ray report dated January 31, 1927, showed: " Fracture of the ischium bone right near its junction with the pubic bone of the left side — fragments are in good position and there is callus present."

On March 4, 1927, a second X-ray report showed: " Fragments are in good position and there is a small amount of callus present at the site of fracture. There is also good union."

Claimant was attended by Dr. Schultz, who testified at a hearing held May 17, 1927, that he thought that the claimant was able to work about the middle of March,

and he further testified: " It seems to me that the condition of the pelvis has healed, because the last X-ray taken showed plenty of callus."

After April, 1927, the claimant did light work in a restaurant, and for seven weeks prior to August 8, 1927, he had been working for Babcock & Wilcox Co., as a laborer, doing regular laboring work. On August 8, 1927, he and four or five other men were lifting a piece of timber weighing about 1,000 pounds, when he felt a crack in his left hip and stopped work immediately and reported the accident to his foreman. His description of the accident was: " I was lifting some heavy timber, loading on a truck, and I felt a crack in the left hip, a bad crack, so I had to stop at once and went to the doctor."

The attending physician, Dr. Schultz, testified that merely by lifting one cannot break a bone, not even separate a bone that has been fractured, if it was properly healed. He expressed the belief that the disability after the second fracture or separation was the result of the original fracture, which might have separated at any time, even as a result of taking a quick step.

The question is thus presented of one accident or two. The award has been against the second employer, Babcock & Wilcox Co., and its insurance carrier alone. They contend that the evidence points conclusively to a finding that the second injury was the direct result of the earlier disability; that there was no other accident than the first, and that the award should be against the first employer, Pierleoni, and his insurance carrier.

In *Matter of Phillips* v. *Holmes Express Co.* (190 App. Div. 336; affd., 229 N. Y. 527) claimant had sustained a fracture of his arm. About four months thereafter as the result of attempting to crank an automobile the fracture parted. The court held that there was no evidence of an accident on the later date and that the first insurer should bear the entire liability. Here it would seem that the evi-

dence points conclusively to two accidents; that the bones merely parted does not appear. The healing and union were partial as was apparent from the evidence as to the crack felt in the hip at the same place where the fracture had been. The attending physician was misled. Union was there but not a good union. The lifting of the heavy timber produced an accidental result, an unexpected happening, i. e., a new break of the partially united bones. Obviously that result would not have happened had it not been for the first injury but it was immediately due to strain caused by heavy lifting. The case was that of a man, not in good sound condition, taken as he was by the employer and insurer.

On the evidence the present disability exists by reason of the two accidents and the compensation should be equally apportioned between the two insurers. Unjust it is that the second insurer should bear the entire liability when the second accident was related in large measure to the first. No less unjust it is that the first insurer should bear the entire liability if it appears that without the second accident an earlier recovery might have been had. In no event does the evidence sustain an award against the second insurer alone.

The order should be reversed, without costs, and the case remitted to the Industrial Board for further consideration and for additional findings as to the cause of the present injury, and the liability therefor.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.