In the Matter of the Claim of RALPH THOMAS, Respondent, against ROYAL DAIRY et al., Appellants; SALVATION ARMY et al., Respondents.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 15, 1946.

*George A. Ryder,* attorney (*Melvin H. Zurett* of counsel), for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Theodore M. Schwartz, Assistant Attorneys-General* of counsel), for Workmen's Compensation Board, respondent.

*John M. Cullen,* attorney, for Special Funds Conservation Committee.

*Per Curiam.* Appeal by Royal Dairy, employer, and its carrier, from a decision and award of one third of the compensation payable to the claimant-respondent Thomas. He suffered an injury, while employed by the Salvation Army, on December 11, 1933. Two thirds of the compensation was awarded on account of that injury and it is made payable from the Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. He suffered further injury on October 24, 1943, while in the employ of the appellant.

The evidence indicates that there had been numerous and frequent dislocations of the shoulder originally injured in 1933. It is permissible for the board to apportion compensation in accordance with the causation between two employers. (*Matter of Chiodo* v. *Newhall Co.,* 254 N. Y. 534; *Matter of Anderson* v. *Babcock & Wilcox Co.,* 256 N. Y. 146.) The board made a finding in this proceeding, as follows: " 8. The Fund for Reopened Cases, the Royal Dairy and its insurer, the (American) Lumbermens Mutual Casualty Co. of Illinois, stipulated and agreed that each of them would be bound by the determination of the Workmen's Compensation Board as to the extent of the liability of each of them. They further consented and agreed that the claimant proceed with the required surgical operation to correct the condition of chronic recurrent dislocation and that each of them would pay the expenses therein to the extent that the Workmen's Compensation Board would determine as their respective responsibility."

This finding has no evidence to sustain it. The basis upon which it was made was a simple agreement by all the parties that the claimant be permitted, in advance of the decision of the board as to liability, to have an operation for which it was agreed there was an emergency, and that it would be paid for by the employer, carrier or fund thereafter determined to be responsible for the injuries.

The award should be reversed and the matter remitted to the Workmen's Compensation Board for a determination made upon the testimony and not upon the finding above quoted.

All concur.

Award reversed, matter remitted for further consideration, with costs against the Workmen's Compensation Board, payable to appellants.