GEORGE T. PETERS's CASE.

Suffolk. February 1, 1954. — March 3, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Workmen's Compensation Act,* What insurer liable; Procedure: costs, appeal.

In a workmen's compensation case involving an employee who suffered a back injury while at work on two occasions nine years apart, compensation for incapacity following the later injury was properly awarded against the insurer covering the risk at the time of that injury where it was warrantably found that that injury was a cause of the incapacity.

Upon an appeal solely by the insurer from a decree of the Superior Court awarding compensation in a workmen's compensation case, the claimant was entitled to costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended, respecting the appeal, but was not entitled to have the decree made more favorable to him by including therein an award of costs in the Superior Court.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation under the workmen's compensation act.

The case was heard by *Pecce,* J.

*Kevin Hern,* (*Samuel G. King* with him,) for the self insurer.

*Edward C. Uehlein,* for Liberty Mutual Insurance Company.

*Frederic S. O'Brien,* for the claimant.

LUMMUS, J.   On March 25, 1943, the employee suffered a back strain while employed by Pacific Mills, which then was insured under the workmen's compensation act by Liberty Mutual Insurance Company.   On January 1, 1950, Liberty Mutual Insurance Company ceased to be the insurer, and Pacific Mills became a self insurer.   On August 25, 1952, while at work for Pacific Mills, and while "stretching" the employee suffered another injury to his back. The employee testified that "his back has never been better since his 1943 injury."   An expert physician, called by Liberty Mutual Insurance Company, expressed the opinion that the injury of August 25, 1952, caused "more severe nerve root pressure which resulted in incapacity which eventually led to operation," and "was the straw that broke the camel's back."   Dr. Kelleher, called by the employee, testified that the total disability for work "was related to the August 1952 injury."

The single member found that the injury received on August 25, 1952, constituted a personal injury arising out of and in the course of his employment, and caused the employee to be continuously totally incapacitated for work in contrast to his previous intermittent incapacity for a few days at a time.   He dismissed the claim against Liberty Mutual Insurance Company, and awarded compensation against the self insurer.   The reviewing board affirmed and adopted the findings and decision of the single member. The Superior Court entered a decree accordingly, and Pacific Mills, the self insurer, appealed.

Although earlier injuries may have played their part in the ultimate total incapacity, there was evidence to support the finding of the board that the injury of August 25, 1952, when the Pacific Mills was self insured, was a cause of that incapacity.   In *Tassone's Case,* 330 Mass. 545, 547, we said, with a citation of numerous cases, that "The rule is well settled that where there are several successive insurers,

chargeability for the whole compensation rests upon the one covering the risk at the time of the most recent injury that bears a causal relation to the disability." Under that rule, compensation was rightly awarded against the self insurer.

The employee, who did not bring the case here, asks to be allowed the reasonable cost of attorney's fees, briefs, and other necessary expenses for the appeal, under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444. Under our decisions he appears to be entitled to such an allowance. *Dillon's Case*, 324 Mass. 102. *Brzozowski's Case*, 328 Mass. 113, 116. *McManus's Case*, 328 Mass. 171, 174. *Karelis's Case*, 328 Mass. 224, 225. *Green's Case*, 330 Mass. 63. *Lawrence's Case*, 330 Mass. 244, 246. Such allowance is to be awarded by a single justice. The employee, though he did not appeal, asks costs in the Superior Court. It is settled that he is not now entitled to them. *Greenaway's Case*, 319 Mass. 121, 122.

*Decree affirmed.*