301 F.2d 560
 UNITED PAINTERS & DECORATORS et al., Appellants
v.
Theodore BRITTON, Deputy Commissioner, District of Columbia Compensation District, Bureau of Employees' Compensation, et al., Appellees.
PERRY & WALLIS, INC., et al., Appellants
v.
Theodore BRITTON, Deputy Commissioner, District of Columbia Compensation District, Bureau of Employees' Compensation, et al., Appellees.
 No. 16461.
 No. 16500.
 United States Court of Appeals District of Columbia Circuit.
 Argued January 5, 1961.
 Decided March 22, 1962.
 
 Mr. Francis W. McInerny, with whom Mr. Francis J. Ford, Washington, D. C., was on the brief, for appellants in No. 16461.
 Mr. John A. Beck, Washington, D. C., for appellants in No. 16500.
 Mr. John J. Pyne, Washington, D. C., also entered an appearance for appellants in No. 16500.
 Mr. Herbert P. Miller, Asst. Sol., Dept. of Labor, with whom Messrs. Charles Donahue, Sol., Dept. of Labor, David C. Acheson, U. S. Atty. and Charles T. Duncan, Principal Asst. U. S. Atty., were on the brief, for appellees.
 Before WILBUR K. MILLER, Chief Judge, and FAHY and BASTIAN, Circuit Judges.
 FAHY, Circuit Judge.
 
 
 1
 These two appeals are by two employers and their respective insurance carriers from summary judgments entered by the District Court. The judgments have the effect of sustaining an order made by appellee, the Deputy Commissioner of the District of Columbia Compensation District, awarding disability compensation, medical expenses, funeral expenses, and death benefits to the widow of William Lee Nichols. The appellants in No. 16500 are Perry & Wallis, Inc., the last employer of Mr. Nichols, and its insurance carrier, General Accident Fire & Life Assurance Corporation Ltd. The award against them was for disability compensation, and also, jointly and severally with appellants in No. 16461, for funeral expenses and death benefits. They likewise were held liable for reasonable medical expenses. In No. 16461 the appellants are United Painters & Decorators, an earlier employer, and its insurance carrier Eagle Indemnity Company.[1] The award against them is for funeral expenses and death benefits, jointly and severally with appellants in No. 16500, as well as for medical expenses.
 
 
 2
 The proceedings before the Deputy Commissioner were conducted pursuant to the Longshoremen's and Harbor Workers' Compensation Act[2] as made applicable to the District of Columbia.[3]
 
 
 3
 According to the findings of the Deputy Commissioner, Mr. Nichols, on August 2, 1943, while employed by United as a painter suffered a serious injury during the course of his employment. This resulted in a chronic infection of the kidneys, which became acute from time to time and led to an arteriosclerotic heart disease. Appellants United and Eagle Indemnity paid health and compensation benefits due for these injuries, separate from the award based on the events which occurred later and which are the subject of the present litigation.
 
 
 4
 As also found by the Deputy Commissioner, Mr. Nichols thereafter continued to be employed, as a foreman of painters. During the last four months of his life he was an employee of Perry & Wallis. While so employed it was necessary for him in January and February of 1959 to climb and descend the steps of the Washington Monument and certain air raid signal towers. Following this exertion he complained of tight sensations in his chest and was observed as continuously tired or fatigued. On April 12, 1959, while at his home, Mr. Nichols collapsed due to a heart seizure and was placed in a hospital, where he remained until his death on April 30, 1959.
 
 
 5
 In addition to the findings reflected in the events above stated the Deputy Commissioner also found that the arteriosclerotic heart disease suffered by the employee as a result of his 1943 injury was materially aggravated by his strenuous physical activities while he was employed by Perry & Wallis, and that such aggravation constituted an injury arising out of and in the course of this later employment.[4] He further found that the death of the employee was due equally to the injury sustained August 2, 1943, and to the material aggravation thereof by the strenuous activities incident to his last employment in the spring of 1959.
 
 
 6
 The employer appellants and their insurers sued in the District Court to set aside and to enjoin enforcement of the order of the Deputy Commissioner which included the award above outlined. The matter came on before the court on the administrative record, and, as stated, the court granted summary judgments in favor of the appellee Deputy Commissioner.
 
 
 7
 The scope of our review of the findings of the Deputy Commissioner is narrow. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 508-509, 71 S.Ct. 470, 95 L.Ed. 483. With this in mind, and on consideration of the evidence in the record, including medical and lay testimony, we are satisfied that his findings are supported by substantial evidence and must be sustained.
 
 
 8
 Appellants in No. 16461 contend, however, that the Deputy Commissioner was without authority to award death and related benefits against the two separate or successive employers, urging that he could validly make such an award only against the last employer, appellant in No. 16500. In rejecting this contention we lay aside the question whether only the last of successive employers or their insurers may be held responsible where the death or disability results from an occupational disease or from an injury superimposed upon a condition which preceded employment,[5] rather than, as here, superimposed upon a previous injury suffered in the course of an earlier employment. Limiting ourselves to the situation presented by this case, where as a matter of fact the death is validly found to have been attributable equally to two successive injuries occurring within the scope of employment by different employers, we sustain the award made against each of the employers and their insurance carriers. Our view that the fixing of liability in this manner is valid is supported by Dunbar Fuel Co. v. Cassidy, 100 N.H. 397, 128 A.2d 904 (1957), and Quinn v. Automatic Sprinkler Co., 50 N.J.Super. 468, 142 A.2d 655 (App. Div.1958),[6] though in neither case did the applicable statute expressly authorize apportionment. While there is likewise no such express provision in our statute there is also no provision inconsistent with authority in the Deputy Commissioner to apportion liability between employers where the death is factually found to have been caused equally by separate injuries occurring during separate and successive employments. This seems a fair and valid means of carrying out the terms of the statute consistently with its purpose. As was said in Quinn v. Automatic Sprinkler Co., supra, it accords with logic and equity to place proportionate liability upon those whose employments combine causally to produce the disability, and, in our case, also the death.
 
 
 9
 As we have indicated the order of the Deputy Commissioner finds that the death was due equally to the 1943 injury and the injury during the last employment. The award portion of the order, however, does not in so many words "apportion" the liability. It provides that the two employers and their respective carriers "shall jointly and severally" pay the death benefits and specified funeral expenses. In view of the language of the order as a whole, and of the manner in which the parties have submitted the problem to us, making no distinction between apportioned liability and a joint and several one, we construe the award in this case as apportioning liability equally between the two employers and their respective insurers, insofar as death benefits and the medical and funeral expenses are concerned. So construing the award, the judgments of the District Court are in all respects
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The parties will hereinafter be referred to without use of their full names
 
 
 [2]
 44 Stat. 1424 (1927), as amended, 33 U.S.C.A. §§ 901-950 (1958)
 
 
 [3]
 36 D.C.Code § 501 (1961)
 
 
 [4]
 The term "injury" is defined under the Act as "accidental injury or death arising out of and in the course of employment." 44 Stat. 1425 (1927), 33 U.S.C.A. § 902 (2) (1958)
 
 
 [5]
 See, e. g., Travelers Ins. Co. v. Cardillo, 225 F.2d 137, 144-145 (2d Cir. 1955)
 
 
 [6]
 The following decisions have also approved awards against successive employers or insurance carriers where multiple injuries have caused compensable disability. See, e. g., Employers' Casualty Co. v. United States Fid. & Guar. Co., 214 Ark. 40, 214 S.W.2d 774 (1948); Century Indem. Co. v. Klipfel, 99 Colo. 213, 61 P.2d 842 (1936); Mund v. Farmers' Coop., 139 Conn. 338, 94 A.2d 19 (1952); Walker v. Hogue, 67 Idaho 484, 185 P. 2d 708 (1947); Brock v. Jones & Laughlin Supply Co., 39 So.2d 904 (La.App. 1949); Peniston v. City of Marshall, 192 Minn. 132, 255 N.W. 860 (1934); Anderson v. Babcock & Wilcox Co., 256 N.Y. 146, 175 N.E. 654 (1931); J. E. Greene Co. v. Bennett, 207 Tenn. 635, 341 S.W. 2d 751 (Tenn.1960); Giant Grip Mfg. Co. v. Industrial Comm., 271 Wis. 583, 74 N.W.2d 182 (1956)