**Norman KIDDER**

v.

**COASTAL CONSTRUCTION CO., INC.,**
**et al.**

Supreme Judicial Court of Maine.

July 31, 1975.

Farris & Foley, P. A. by Richard A. Foley, Augusta, for plaintiff.

Mahoney, Robinson, Mahoney & Norman by Robert F. Hanson, Richardson, Hildreth, Tyler & Troubh by Robert L. Hazard, Jr., Portland, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

POMEROY, Justice.

In *Gagnon's Case*, 144 Me. 131, 65 A.2d 6 (1949), this Court held that an injured employee was entitled to compensation for total incapacity even though the injury would ordinarily cause only partial disability, where such injury combined with a

nondisabling malady to produce total incapacity.

In *Willette v. Statler Tissue Corp.*, Me., 331 A.2d 365 (1975), we applied the so-called Massachusetts-Michigan rule [1] to a Workmen's Compensation case on the facts there found.

In *Gagnon*, supra, the employee sustained a compensable injury arising out of and in the course of her employment. Upon receiving hospitalization, it was discovered she was suffering from Parkinson's disease (Paralysis Agitans), an incurable, degenerative disease which was in no way connected with the accident. The disease had not interfered with her work prior to the accident.

This Court held that she was entitled to compensation for total incapacity, although ordinarily the injury would cause only partial disability. We said this because the injury was coupled with a pre-existing malady and when so coupled became disabling. The Commission found the employee could still have earned the same wages received at the time of the accident, notwithstanding the pre-existing disease, but for the industrial accident.

In *Willette*, supra, the employee had received a non-disabling injury arising out of and in the course of his employment with Statler Tissue Corp. Later he became disabled while in the employ of F. H. Smith Corp. The Industrial Accident Commission found as a fact that the second disabling injury was merely a recurrence of the first, and the second injury did not

contribute even slightly as the cause of the disabling condition. We held in accordance with the Massachusetts-Michigan rule, the insurer on the risk at the time of the original injury remained liable for the second.

We now have a case before us in which two successive injuries, both temporarily disabling, occurring in the course of and arising out of two successive employments, combined to produce a single indivisible disabling injury.

This case has been before us earlier. *Kidder v. Coastal Construction Company, Inc.*, Me., 309 A.2d 119 (1973).

On that occasion we remanded the cause to the Industrial Accident Commission with instructions to find as fact whether or not the injury received by Kidder arising out of his employment with Coastal Construction Company, Inc. (the first employer) was one which occasioned an actual incapacity to work and consequent wage loss, i. e., a compensable injury.

■ The Commission has acted and has found as fact that the injury suffered while employed by Coastal was, in fact, an injury producing wage loss.[2]

Also found as fact is that the two compensable injuries (the first suffered while in the employ of Coastal, the second while in the employ of Walsh) combined to produce a single indivisible disabling injury, to wit: a ruptured intervertebral disc.

■ No attack has been made on the correctness of the Commission's findings

---

1. "The Massachusetts-Michigan rule in successive-injury cases is to place full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability.

  "If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second . . . .

  "On the other hand, if the second incident contributes independently to the injury, the

second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed the major part to the final condition." 3 Larson's Workmen's Compensation Law, 95.12, pp. 508.130–508.-133.

2. Apportionment does not apply in any case in which the prior condition was not a disability in the compensation sense. *Kidder v. Coastal Construction Company, Inc.*, Me., 309 A.2d at 123, n. 3.

of fact. Such findings are clearly supported by credible competent evidence and reasonable inferences to be drawn therefrom. Such findings are therefore controlling. *Bolduc v. Pioneer Plastics Corporation,* Me., 302 A.2d 577 (1973).

The Commission then proceeded to apportion the liability for compensation payments equally between Coastal and Walsh.

Both Coastal and Walsh have appealed.

We deny both appeals.

We hold the Commission acted correctly in apportioning the liability for compensation payments.

This is a case of first impression in Maine.

The following alternatives have been offered us:

1. To apply the Massachusetts-Michigan rule and place full liability on Walsh, the carrier covering the risk at the time of the most recent injury which bears a causal relation to the disability.

2. Resort to the "Second Injury Fund" 39 M.R.S.A. 57.

3. Apportion the loss between the two carriers, i. e., the carrier on the risk at the time of the first injury and the carrier on the risk at the time of the second.

Even though we approved the Massachusetts-Michigan rule as it applied to the facts in *Willette v. Statler Tissue Corp.,* supra, we reject it as it would be applied to the facts now before us.

■ The so-called "Second Injury Fund" is not available because the first injury did not result in a *permanent* incapacity. The purpose of the "Second Injury Fund" legislation was not only to relieve the employer from liability for incapacity occasioned by the first injury, but also to minimize the chance that wage earners

may be denied employment because of a physical handicap. *Gagnon's Case,* supra.

As originally enacted the statute provided that,

> "If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg or one eye, becomes permanently and totally incapacitated through the loss or loss of use of another member or organ, the employer shall be liable only for the compensation payable for such second injury."

In 1971 the statute was amended by P. L.1971, c. 320, to provide:

> "If an employee who has previously incurred a permanent incapacity by accidental injury,[3] disease or congenital causes, sustains an industrial injury which in combination with the earlier preexisting impairment, shall result in total and permanent impairment, the employer shall be liable only for the compensation payable for such second injury."

■ It is argued that even though the "Second Injury Fund" statute is inapplicable by its terms to the facts of this case, the policy evidenced therein should direct apportionment of compensation according to the proportion of disability caused by the respective injuries in a successive injury case.

We agree, provided such apportionment is possible.

The third approach to determining liability for compensation in a successive injury case—the so-called rule of equal apportionment—is said to have had its origin in the New York case of *Anderson v. Babcock & Wilcox Co.,* 256 N.Y. 146, 175 N.E. 654 (1931).

There the employee was injured initially in a fall from a scaffold which caused a fracture of his hip bone. After the bone

---

3. In 1973, by Chapter 788, Sec. 226, the word *"accidental"* was deleted following *"permanent incapacity by."*

had supposedly healed, it separated again when the employee lifted some heavy timber while working for a different employer. The New York Court reasoned the resulting disability would not have happened but for the first injury, but that it was immediately due to the strain caused by the subsequent heavy lifting.

"On the evidence the present disability exists by reason of the two accidents, and the compensation should be equally apportioned between the two insurers. Unjust it is that the second insurer should bear the entire liability when the second accident was related in large measure to the first. No less unjust it is that the first insurer should bear the entire liability if it appears that without the second accident an earlier recovery might have been had. In no event does the evidence sustain an award against the second insurer alone." 175 N.E. 654, 655.

The Commissioner chose to apply this rule in the circumstances of the case now before us. In his words:

"This Commission believes that the adoption of the 'equal apportionment' rule is the most equitable. To paraphrase the Anderson case, it would be mere conjecture and unjust to hold that Coastal is 20% responsible and Walsh is 80% liable; or that Coastal is 80% responsible and Walsh is only 20% responsible."

We are urged, however, that there can be no apportionment between successive employers absent a statute authorizing allocation of liability in such manner. We note that numerous courts have recognized the logic and equity of fixing liability upon successive employers in proportion to the degree that each injury contributes to the total incapacity, even though the applicable compensation act contained no specific provision for apportionment. *Dunbar Fuel Co. v. Cassidy,* 100 N.H. 397, 128 A.2d 904 (1957); *Quinn v. Automatic Sprinkler Co.,* 50 N.J.Super. 468, 142 A.2d 655 (1958); *Anderson v. Babcock & Wilcox Co.,* supra; *Mund v. Farmers' Cooperative,* 139 Conn. 388, 94 A.2d 19 (1952); *Employers' Casualty Co. v. United States Fidelity & Guaranty Co.,* 214 Ark. 40, 214 S.W.2d 774 (1948); *Giant Grip Mfg. Co. v. Industrial Commission,* 271 Wis. 583, 74 N.W.2d 182 (1956); *United Painters & Decorators v. Britton,* 112 U.S.App.D.C. 236, 301 F.2d 560 (1962).

In *United Painters* the United States Court of Appeals had before it the question whether the expenses of a death attributable equally to two successive injuries occurring within the scope of employment by different employers, was properly apportioned equally between the employers.

Citing *Dunbar* and *Quinn* in support of its decision to apportion liability even without a legislative mandate to do so, the Court said:

"While there is likewise no such express provision in our statute there is also no provision inconsistent with authority in the Deputy Commissioner to apportion liability between employers where the death is factually found to have been caused equally by separate injuries occurring during separate and successive employments. This seems a fair and valid means of carrying out the terms of the statute consistently with its purpose. As was said in *Quinn v. Automatic Sprinkler Co., supra,* it accords with logic and equity to place proportionate liability upon those whose employments combine causally to produce the disability, and, in our case, also the death." [4] 301 F.2d at 562.

In *Dunbar* the Supreme Court of New Hampshire recognized that the compensa-

---

4. We consider it to be irrelevant to this discussion that the result in *United Painters* was *death* rather than an injury or some degree of total incapacity. The overriding principles in each case are analogous.

tion act did not contain a specific provision for apportionment between successive employers. Nevertheless the Court was not dissuaded thereby from allocating the burden of compensation to each employer proportionate to his respective liability. It found authority to do so both in the Act itself, and its own decisions construing the language and purpose of the Act.

> "Our compensation act contains no specific provision for apportionment between successive employers. It does, however, impose responsibility on each employer for disability caused by 'accidental injury . . . arising out of and in the course of the employment' . . . whether the employee becomes disabled at the time of the accident or at some time thereafter. See *Davis v. Manchester*, 100 N.H. 335, 126 A.2d 254; *Desrosiers v. Dionne Bros. Furniture*, 97 N.H. 525, 92 A.2d 916. . . . the responsibility of the employer at the time of the first injury, if that injury does not result in permanent partial disability, continues as to future disabilities which may result from it. It follows that if injuries suffered in more than one employment each contribute to a disability, the burden of compensation is to fall upon each responsible employer to the extent of his respective liability imposed by the act. . . . Within the limits of that liability, each employer is required to provide compensation, not in the full amount for which he would be liable if he were the only employer but only for so much thereof as represents the proportion of the whole disability which is attributable to the injury sustained in his service." 128 A.2d 904, 907.

◼ Our own Workmen's Compensation statute provides that an employee who "receives a personal injury by accident arising out of and in the course of his employment," . . . "shall be paid compensation and furnished medical and other services by the employer who shall have assented to become subject to this Act." 39 M.R.S.A. 51. If the employee becomes disabled some time subsequent to the accidental injury, but the disability is causally related to the original incident, the same employer remains fully liable. *Willette v. Statler Tissue Corp.*, supra.

We are convinced that where *more than one* employer is responsible for an employee's disability, the fixing of liability for compensation upon each employer *in proportion to his responsibility* is not only logical and equitable, but consistent with the general purpose of our compensation Act.

That being so, the question becomes whether the Commissioner was authorized to apportion liability *equally* in these circumstances.

◼ The Commissioner found that any determination as to the *extent* to which each injury contributed to the resulting disability would be "mere conjecture." That being so, he considered allocation of the liability on an equal basis to be the most equitable result.

We conclude under the circumstances the action of the Commissioner was proper.

In any case in which the causative contribution to the single indivisible injury by each respective employer may be ascertained, liability should be fixed in proportion to such contribution. Where, as here, such apportionment is impossible, liability for compensation payments may properly be divided equally.

Since we have found no error in the action taken by the Industrial Accident Commission, the entry must be,

Appeal denied.

All Justices concurring.