**Harold WIDDECOMBE**

v.

**NATIONAL SEA PRODUCTS, INC., et al.**

Supreme Judicial Court of Maine.

Aug. 3, 1978.

Knight & Chalmers by Jean B. Chalmers, Rockland (orally), for plaintiff.

Richardson, Hildreth, Tyler & Troubh by Robert L. Hazard, Jr. (orally), Ronald D. Russell, Portland, Wathen & Wathen by Warren E. Winslow, Jr., Augusta (orally), for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

Harold A. Widdecombe, the petitioner/appellee in this case suffered an injury on October 27, 1970 arising out of and in the course of his employment for National Sea Products, Inc. (National). National's compensation insurance carrier at the time was Travelers Insurance Co. (Travelers) which duly compensated Mr. Widdecombe. On July 26, 1976 Mr. Widdecombe suffered a subsequent injury. By this time, however, National had changed insurers and was then insured with American Insurance Company (American).

Following this second injury, Mr. Widdecombe filed a Petition for Award of Compensation and a Petition for Further Compensation. The Industrial Accident Commission consolidated the petitions for hearing. In a single opinion, the Commission determined that there were two compensable injuries arising out of *"successive employments"* which combined to produce a single disability. Because the Commission was unable to determine the causative contribution of either the 1970 or the 1976 injury, a decree was entered for equal apportionment between the two insurance carriers.

Both carriers thereupon sought a pro forma decree in Superior Court. After the entry of two pro forma judgments affirming the decision of the Commission, both carriers appealed and the appeals were consolidated. Neither carrier disputes, however, that Mr. Widdecombe is now suffering from a disability that merits compensation. At issue is merely the causal connection of the 1970 and 1976 injuries to that disability.

We deny both appeals.

American makes several contentions in its brief. Noting that in *Kidder v. Coastal Construction Co.,* Me., 342 A.2d 729 (1975) this Court apportioned responsibility for compensation between two employers where an employee had sustained one injury during the course of each employment and where both injuries resulted in one disability, American argues that the Commission's extension of this apportionment rule to the case of insurers is proper in general. American contends, however, that this is not a case for apportionment at all since, American claims, the evidence shows that the 1976 injury was merely a recurrence of the 1970 injury. Thus, American argues, the rule of *Willette v. Statler Tissue Corp.,* Me., 331 A.2d 365 (1975) is applicable and Travelers should be held wholly responsible for compensating Mr. Widdecombe. American thus contests the findings of the Commission establishing a causal connection between the 1976 injury and appellee's disability, arguing that there was no credible evidence supporting the Commission's findings.

Travelers, on the other hand, contends that the evidence does not show any causal relationship between the 1970 injury and the disability. If there is a causal connection, however, Travelers argues that the evidence clearly demonstrates the degree to which each injury caused the disability. Accordingly, it was error to apply equal apportionment. Finally, Travelers concedes that if the degree of causation cannot be ascertained, then the Commission should be upheld.

While no statutory authority appears to support the apportionment of liability between two different compensation insurance carriers, we agree with both appellants that, in a proper case, apportionment may be imposed between different carriers. In *Kidder v. Coastal Construction Co., Inc., supra* we found the lack of statutory authority no bar to the apportionment of liability between successive employers. Since the insurers in this case essentially stand in the shoes of the single employer, it appears consistent to hold that the rule of apportionment enunciated in *Kidder* is equally applicable to insurance carriers. Indeed, many jurisdictions have so extended the rule. See 4 A. Larson, *The Law of Workmen's Compensation* § 95.31 (1978) and cases cited therein.

Having decided that apportionment is permissible between different insurance carriers, it is now necessary to decide whether apportionment was appropriate under the facts in this case. In reviewing the record, we are bound by the Commission's findings of fact as to causation if such findings are supported by competent evidence and all reasonable inferences which may be drawn therefrom. *See, e. g., Russell v. Camden Community Hospital,* Me., 359 A.2d 607, 612 (1976).

The record clearly supports a finding of causal connection between the 1970 injury and Mr. Widdecombe's present disability. After the original injury, Mr. Widdecombe underwent a laminectomy in which two herniated discs were removed. Subsequent to that time, Mr. Widdecombe experienced *"intermittent episodes of back discomfort"* all due to the original 1970 injury. There was also credible testimony that the original injury had contributed to Mr. Widdecombe's ultimate disability. Likewise, the Commission was justified in inferring that the 1976 injury was not a *"mere recurrence[s], or acute symptom[s], manifesting the structural damage suffered originally"*,[1] *Willette v. Statler Tissue Corp., supra* at

369, and that the 1970 injury was not the sole cause of the ultimate disability.

Having determined that there were two injuries, each with a causal connection to the undisputed disability, the Commission was then unable to attribute the exact degree of causation to each injury. The record shows no basis on which the Commission could have made such a determination without resort to the speculation or guesswork proscribed in *Kidder v. Coastal Construction, Inc., supra* at 734. Equal apportionment was correctly applied.

The entry must be:

Appeal denied.

Judgment affirmed.

Further ordered that the appellants pay to the appellee an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

---

1. A treating physician testified that the 1976 injury was *"the straw that broke the camel's back."*