## FRANK BARTLETT'S CASE.

### Cumberland.    Opinion August 9, 1926.

*A workman is not entitled to receive compensation for accidental injury unless his
employer has notice or knowledge of the accident within thirty days after its occurrence,
except when failure to give notice is due to accident, mistake or unforeseen cause, and
illness may be such unforeseen cause, but where it appears that after recovery the
employee allowed months to pass without informing his employer of the accident the
court will not remand the case to the Commission for a finding of fact upon this point.*

Knowledge by an employer of the fact that an employee is suffering from a
strangulated hernia is not equivalent to knowledge that the hernia was caused
by an accident arising out of and in the course of his employment.

If a workman knows that his disablement is due to an industrial accident he
should, except when prevented by illness or other cause, speedily inform his
employer. If he does not do it, that is if he does not in his own mind connect
the accident with the disability, he can hardly expect his employer to have
greater knowledge.

On appeal by respondents. The petition alleges that petitioner
while in the employ of Ford & Smiley, general contractors, in the
construction of a state road in the town of Raymond in the Summer of
1925, received a hernia while lifting a tent into an automobile,
which thirteen days later required surgical attention, but no notice
was given to his employers of the rupture as having been caused while
in their employ for more than three months after the rupture was
received. Compensation was awarded by the Associate Legal
Member of the Commission, and from an affirming decree respond-
ents appealed. Appeal sustained. Decree reversed.

The case sufficiently appears in the opinion.

Petitioner appeared without counsel.

*Merrill & Merrill*, for respondents.

SITTING: WILSON, C. J., DEASY, STURGIS, BARNES, BASSETT, JJ.

DEASY, J. Workmen's Compensation Case. The statute cited
in this opinion is Act of 1919, Chapter 238. The only question

presented is whether the employer had such "knowledge of the injury" (Section 20) as to render unnecessary the thirty-day notice prescribed by Section 17. All essentials, other than the notice or equivalent knowledge, are established and unquestioned.

The statutes involved, omitting irrelevant parts are as follows: Section 17. "No proceedings for compensation for an injury under this act shall be maintained unless a notice of the accident shall have been given to the employer within thirty days after the happening thereof."

Section 20. "Want of notice shall not be a bar to proceedings under this act if it be shown that the employer or his agent had knowledge of the injury, or that failure to give such notice was due to accident, mistake or unforeseen cause."

The Commissioner found knowledge sufficiently proved. The defendants appeal.

It is knowledge of "the injury" that Section 20 provides for. The word "injury" is used in the act in two distinct senses. *Hustus' Case*, 123 Maine, 432. As employed in Section 17 it clearly means disabling or compensable injury, *Hustus' Case*, supra Page 428 and cases cited. But as used in some other parts of the act including Section 20 it is synomymous with "accident." An accident sometimes occurs long before compensable injury, arising from it, is suffered. Notice of the accident must be given within thirty days after the happening thereof. Section 17. Knowledge in lieu of notice, is knowledge of the accident and must also be had within thirty days after its happening.

The law intends that the fact of the accident shall be brought home to the knowledge of the employer by notice received or actual knowledge obtained, at a reasonably early date so that he may make such investigation as he desires while memory of the occurrence is yet fresh. Thirty days is the time prescribed for notice or for knowledge which is a substitute for it.

The commissioner found that the employer had knowledge of the accident within thirty days thereafter. This is a finding of fact, conclusive, if the record discloses any evidence to sustain it. A careful reading of the case, however, convinces us that there is no evidence to support the finding.

The accident described in the petition occurred at South Windham on August 6th, 1925. The employer, Smiley had sent the petitioner

to that place for a tent.  While lifting the tent into an automobile he suffered a rupture or hernia.  He secured a truss and for some days did his work, which was that of timekeeper on a job at Raymond.  On August 19th the hernia "dropped down" or to use the medical term became strangulated.  He entered a hospital in Portland, underwent an operation and was discharged from the hospital seventeen days later.  No written notice of the accident has ever been given.

The employer, Mr. Smiley, had immediate information of the "dropping down" of the hernia.  He knew that the petitioner was in the hospital and visited him there.  Moreover, on August 26th he reported the petitioner's injury to the Industrial Accident Commission.  In the report he described the accident as "hernia dropped down."  He stated the time of the accident to be August 19th and the place of its occurrence, Raymond.  He says further that he was notified of the injury "at once."

The employer had abundant and seasonable knowledge of what occurred at Raymond on August 19th, but it is not shown that he had any knowledge of what occurred at South Windham on August 6th, and it was at South Windham on August 6th that the accident happened, on account of which this proceeding is brought.

The petitioner told his employer that he was sick, and later told him of the truss that he was wearing, but said nothing about the tent lifting.  If he knew that his condition was due to the South Windham accident he should have informed Smiley.  If he did not know it, that is, if he did not in his own mind, connect the two things he can hardly claim that Smiley had greater knowledge on the subject.

The word "knowledge" is in the statute employed in its ordinary sense.  *Allen* v. *Millville*, (N. J.), 95 Atl., 130.  *Troth* v. *Bottle Works*, (N. J.), 98 Atl., 435.

It does not necessarily mean first hand knowledge.  It does not require proof that the employer witnessed the accident.  In common usage the word knowledge comprehends specific information.

On the other hand to have knowledge means more than to be put upon inquiry.  Knowledge that a man employed as timekeeper is suffering from strangulated hernia is not equivalent to knowledge that two weeks before he had suffered an accident arising out of and in the course of his employment.

The rupture at South Windham was an accident arising out of and in the course of the petitioner's employment. Of this there is some evidence and the commissioner has conclusively so found.

The "dropping down" may have been an accident, i. e., an aggravation of a traumatic condition arising out of and in the course of the employment. But of this there is neither proof, nor finding, nor claim.

One other point remains to be considered. When failure to give notice is "due to accident, mistake or unforeseen cause" want of such notice is not a bar. Section 20. Illness whether arising from the industrial accident or otherwise may constitute such unforeseen cause. *Wardwell's Case*, 121 Maine, 220. *Donahue* v. *Sherman's Sons Co.*, 31 R. I., 373, 98 Atl., 109. The petitioner was ill and in a hospital during the last seventeen days of the thirty within which notice was required to be given.

We should be inclined to remand the case for a finding of fact upon this point were it not that the petitioner after leaving the hospital allowed months to pass without informing his former employer of the accident at South Windham.

No notice of the accident having been given, and as the record fails to show that the employer had such knowledge as the law requires, in lieu of notice, this proceeding cannot be maintained.

*Appeal sustained.*
*Decree reversed.*