## FOGG'S CASE.

Cumberland County. Decided October 15, 1926. This is a workmen's compensation case in which Addie H. Fogg is petitioner and the Woodcock Lunch is the employer. The Industrial Accident Commission awarded compensation, and also all charges for reasonable and necessary surgical and hospital bills, and bills for medicines and appliances as designated in the Workmen's Compensation Act.

The defendant seasonably filed its answer denying notice and in its appeal from the decree of a justice of this court, affirming said award, relies wholly upon lack of notice.

In her petition for award of compensation the following questions and answers appear.

"Did employer have notice in writing of the accident? No, I was not familiar with compensation insurance and did not consider it serious.

"Did employer have knowledge of the injury?

"Yes, Mr. Murch was in the kitchen at the time, also I reported it to him."

From the record it appears, by his own testimony, that the Mr. Murch referred to was one of the proprietors of the Woodcock Lunch.

Under the statute in effect at the time of the accident, Public Laws 1919, Chap. 238, Sec. 17, it is provided that no proceedings for compensation for an injury under this act shall be maintained unless a notice of the accident shall have been given to the employer within thirty days after the happening thereof; and unless the claim for compensation with respect to such injury shall have been made within one year after the occurrence of the same, or in case of physical or mental incapacity, within one year after death or the removal of such physical or mental incapacity. Section 18 of the act provides that such notice shall be in writing. Section 20 provides that want of notice shall not be a bar to such proceedings if it be shown that the employer or his agent had knowledge of the injury, or that failure to give such notice was due to accident, mistake or unforeseen cause.

The petitioner alleges that on the last of May, 1924, (exact date forgotten) while working as a general helper in the kitchen of the Woodcock Lunch, she slipped on the floor and in falling struck her breast on the corner of the serving table, which fall resulted in a sore breast for a few days, that a tumor followed in July, 1924, which was removed in December, 1924.

Evidently the accident was not regarded as serious at the time of its occurrence for she declined medical attendance and continued to work in the same kitchen, doing the same work which she had been doing, until the first of July, 1924.

The word "injury," as used in Section 20 of the Compensation Act, is synonymous with "accident." An accident sometimes occurs long before compensable injury, arising from it, is suffered. *Bartlett's Case*, 125 Maine, 374, 134 Atlantic Rep., 163. The Accident Commission found that the employer had knowledge of the accident within thirty days thereafter. This is a finding of fact, conclusive if the record discloses any evidence to sustain it. There is evidence that the employer had knowledge of the accident at the very time of its occurrence. That it was not then regarded of consequence is immaterial.

This injury became compensable December 15, 1924, which is the date recognized in the award for the compensation to begin. The claim for compensation was filed December 10, 1925, which is within the year from the incapacity. When the workman's wages, earnings or salary are lost or reduced by reason of an industrial accident, he becomes in theory of law incapacitated. Then he is entitled to claim

compensation. Then the year given for making claim begins to run. *Hustus' Case*, 123 Maine, 428. Appeal dimissed. Decree below affirmed. *William A. Connellan*, for petitioner. *Hinckley, Hinckley & Shesong*, for respondents.