Earl B. Wilcox
vs.
Andrews & Spellman W.C.A.Pet.No.765
Company

November 8, 1927.

BAKER, J. Petition under the Compensation Act.

The petitioner, employed by the respondent as a truck driver, claims to have injured the muscles of his back and abdomen and strained his heart, moving bales of hay from a freight car onto a truck on the 25th of February, 1927.

As to the happening of the accident, the petitioner is uncorroborated and certain portions of his testimony are attacked by the respondent's witnesses. Unless the records of the corporation are erroneous, which is the petitioner's claim, it seems very clear that the occurrence referred to did not take place on February 25. The great weight of the evidence would seem to show that whatever did transpire was on either February 9 or February 24.

The petitioner continued to work until April 2, 1927, when he voluntarily left the respondent's employ. He consulted a physician the last part of February, but the latter gave respondent company no notice of his employment and has furnished no itemized bill of any kind for his services.

Henry vs. American Enamel Co., 136 Atl. 3.

After considering all the testimony, the Court is inclined to believe that at some time during the month of February there was an occasion when the petitioner perhaps strained the muscles of his back and abdomen to some extent, and possibly suffered some exhaustion, while moving hay. There is in the case considerable testimony that the petitioner had not been entirely well for some time prior to the occurrence in question, although he had apparently passed a medical examination in connection with a military company. It would seem that he had been suffering from some form of indigestion and had been taking medicine while at his work for quite a period before February.

The two important questions in the case relate to the matter of notice or knowledge and to the extent of the petitioner's injuries.

It is admitted that no written notice of the accident was given to the respondent. The petitioner does not claim any accident or mistake or unforeseen cause as the reason for this. He does claim that the day after the accident he gave information concerning it to the secretary of the respondent company. Nothing more was said or done about the matter by any one and petitioner left work April 2 because of his ill health.

The respondent denies having any knowledge of the occurrence referred to by the petitioner until the second day of April, some five weeks or so after the happening. Several witnesses for the respondent testified as to this and the secretary of the company impressed the Court favorably in giving his evidence.

It is clear that the burden of proof is on the petitioner to establish this matter of knowledge as one of the essential elements of his case. After carefully considering the testimony on this point, the Court is of the opinion that he has failed in this and, therefore, that this lack of notice or knowledge on the part of the respondent constitutes a good defence to the petition.

The Court realizes that the Act in question is to be liberally construed, but nevertheless it is clear from decisions of our own Court that the matter of notice to or knowledge by the employer is of importance and is not to be disregarded altogether.

Desrochers vs. Atwood-Crawford Co., 47 R. L. 116;

Donahue vs. Sherman's Sons Co., 39 R. I. 373;

Bartlett's case, 134 Atl. 163 (Me.).

In regard to the petitioner's injuries, the testimony shows that he worked for about five weeks after he claims the accident happened and received his pay as usual. The Court is of the opinion that by April 2 petitioner had substantially recovered from whatever straining of the muscles of the back and abdomen there may have been. The important question here relates to the heart condition. The petitioner was examined April 26 and June 6, 1927, by a physician of good standing, who testified that on both these occasions the heart was normal and that there was no evidence of any chronic trouble, nor was the heart enlarged. He gave it as his opinion that such trouble as the petitioner might be having was more mental or nervous than anything organic. The testimony given by the physician attending the petitioner was not very clear or definite on this point.

After considering the matter the Court is of the opinion that the petitioner did not suffer any chronic or organic heart trouble due to the occurrence in question, and that his nervous or mental condition cannot properly be laid to the accident.

The petition is denied.

For petitioner: W. A. Gunning.

For respondent: Gardner, Moss & Haslam.