SHEEHAN'S CASE.

Penobscot.     May 29, 1929.

178

*Arthur L. Thayer*, for petitioner.
*Gillin & Gillin*, for respondent.

Sitting: Wilson, C. J., Sturgis, Barnes, Pattangall, Farring-
ton, JJ.

Pattangall, J.   Appeal from award of Industrial Accident
Commission.

Petitioner was employed as clerk in appellant's store and in
September, 1926, sustained an injury to her knee by slipping on a
newly oiled floor, while engaged in her usual and regular work. No
written notice of the accident was given the employer within the
following thirty days as required by the provisions of Secs. 17, 18
and 19 of Chap. 50, R. S. 1916, as amended by Chap. 238, P. L.
1919. Petitioner contended that failure to give notice was excused
because of knowledge of the injury on the part of an agent of the
employer, thus bringing the case within the remedial provisions of
Sec. 20 of the act, and the Commission so found, the decree stating
that the petitioner, immediately after receiving the injury, "noti-
fied the lady in the employer's force who had supervision over this
employee's services," evidently intending a finding that the em-
ployer by its agent had knowledge of the injury at or near the time
of its occurrence.

There were many other matters in controversy at the hearing below and lengthy arguments are presented here in support of appellant's position concerning them, but the only issue which this court may properly consider is that involved in the above mentioned finding. In all other respects the decree is unassailable when it is borne in mind that the decision of the Commission on matters of fact is only subject to review if entirely without support of legal evidence.

. Upon the one remaining issue the dispute lies within a very narrow compass. It is admitted that the required written notice was not given. It is undisputed that the injury was known to the person referred to in the decree as "the lady in the employer's force who had supervision of this employee's services" and that such knowledge was acquired shortly after the injury occurred. It is also agreed that no such knowledge was communicated to the employer, its manager, its superintendent, or any officer thereof, until several months had elapsed.

The sole issue is, therefore, whether or not there was evidence before the Commission that the person who had knowledge of the injury was an agent of the employing corporation within the meaning of Sec. 20.

Oral notice is not the statutory notice and of itself may not take the place of written notice. Nevertheless an oral notice may lead to the acquirement of such knowledge on the part of the employer or its agent as to obviate the necessity of written notice. *Simmons' Case*, 117 Me., 176; *Lachance's Case*, 121 Me., 509.

The agent need not be one of that narrow class upon whom written notice might properly be served. The term is used in a broader sense in Sec. 20 than in Sec. 19. It includes superintendents and foremen. *Simmons' Case*, supra; *Lachance's Case*, supra; *Marchavitch's Case*, 123 Me., 498. It does not, however, include mere fellow servants. *Armstrong* v. *Oakland Vinegar and Pickle Co. et al*, 163 N. W., 897 (Mich.).

In the instant case, the evidence is that the business of the employer was directed by a manager; that under him was a superintendent who "had charge of the employees"; that in the department in which petitioner worked as saleswoman, a woman was employed as buyer; that between her monthly buying trips, this

woman had, as she expressed it, "charge of two floors"; that at such times the saleswomen in this department, including petitioner, were to some extent under her direction. This buyer is the person referred to in the decree as "the lady in the employer's force who had supervision over this employee's services."

To constitute a person an agent, in the sense in which the word is used in Sec. 20, such person should, for the time being, stand in the place of the employer (*Lachance's Case*, supra) ; or such relationship should exist between him and the employer that the agent's knowledge of injury to an employee would in the ordinary course of business conduct be communicated to the principal. A superintendent or foreman is such an agent. But one who merely, at times, supervises a portion of the work of certain employees does not fall within the rule. Giving the broadest possible construction to the provisions of the act, we can not find warrant in this evidence for the conclusion that the relation of this buyer to the corporation was such that she may be considered such an agent. An award of compensation based on this proposition can not be sustained.

But Sec. 20 contains a further clause. Want of notice may be excused when failure to give it is due to accident, mistake or unforeseen cause. There is some evidence tending to show that the injury was latent and that the employer or its agent had knowledge of it within the time which, under such circumstances, might be allowed for giving notice. *Brackett's Case*, 126 Me., 365.

The case has never been considered from this point of view and in order that no possible injustice may be done petitioner, it may properly be re-examined with that situation in mind.

*Appeal sustained.*
*Case remanded for further hearing.*