382 A.2d 1043 (1978)
Harold R. SADLER
v.
GEORGIA-PACIFIC CORPORATION.
Supreme Judicial Court of Maine.
March 3, 1978.
*1044 McTeague, Higbee & Tierney by Maurice A. Libner (orally), Patrick N. McTeague, Brunswick, for plaintiff.
Mitchell, Ballou & Keith by Kevin M. Cuddy, Bangor (orally), for defendant.
Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.
PER CURIAM.
Appellant Harold B. Sadler sustained a back strain on March 4, 1975 while lifting an iron griddle in the course of his employment with Georgia-Pacific Corporation. He sought compensation for the injury from the Industrial Accident Commission, which denied his petition. Appellant had also sought further compensation for a prior injury to his head sustained in 1972. Both petitions were heard simultaneously and appellant was awarded partial compensation for the prior injury. He now timely appeals the pro forma decree entered in Superior Court affirming the denial of the petition for compensation for the 1975 injury.
We deny the appeal.
Extensive medical testimony was introduced at the several hearings held to consider the two petitions. Most of the testimony, however, related to the 1972 injury. While there was testimony that appellant was currently suffering from osteoarthritis in his back, a finding consistent with appellant's age and the type of work he had been doing, no evidence was offered linking the osteoarthritis to the back injury. In fact, a doctor called on behalf of Georgia-Pacific, who had examined appellant specifically in regard to his back, testified that the injury had healed by the time he had examined appellant.
Appellant now contends that Ross v. Oxford Paper Company, Me., 363 A.2d 712 (1976), is controlling. That case held that incapacity resulting from a gradual aggravation type of injury and arising out of and in the course of employment is compensable. Appellant argues that his osteoarthritic condition is such a gradual aggravation. While there was some evidence of deterioration in appellant's back, appellant failed to demonstrate any causal connection between the 1975 injury and his back condition.
The issue of causal connection is one of fact. Baker's Case, 143 Me. 103, 107, 55 A.2d 780, 782 (1947). The reasonable inference to be drawn from the medical testimony here is clearly that the injury resulted in no disability. This is not a case like Bernier v. Coca-Cola Bottling Plants, Inc., Me., 250 A.2d 820 (1969), where the Commission misapplied the law and disregarded uncontradicted evidence in favor of the petitioner. Here there was no evidence demonstrating causation. Appellant has failed in an essential burden of proof. The entry must be:
Appeal denied.
Judgment affirmed.
Further ordered that the appellee pay to the appellant an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.
DELAHANTY, J., did not sit.
NICHOLS, J., did not sit.