### Kendall R. GORDON

v.

### The AETNA CASUALTY & SURETY CO.

Supreme Judicial Court of Maine.

Oct. 10, 1979.

Vafiades, Brountas & Kominsky by Susan R. Kominsky (orally), Lewis V. Vafiades, Bangor, for plaintiff.

Norman & Hanson by John M. Wallach, Portland (orally), for defendant.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

Employer Aetna Casualty & Surety Company appeals from a pro forma decree of the Superior Court, affirming an order of the Workers' Compensation Commission. The Commission found that the employee, Kendall Gordon, is entitled to compensation for total incapacity from injuries arising out of and in the course of his employment. The employer asserts that the Commission's finding of total incapacity after August 26, 1977, is not supported by competent evidence.

We deny the appeal.

Gordon, a claims adjuster for Aetna, filed a Petition for Award of Compensation alleging that on or before May 19, 1976, a mental condition precipitated or aggravated by job pressures developed making it impossible for him to work. Aetna filed a responsive pleading denying the material allegations of the petition and asserting as affirmative defenses (a) failure to give notice of the alleged injuries within 30 days pursuant to 39 M.R.S.A. § 63, and (b) failure to state a claim for relief cognizable under the Workers' Compensation Act.

Following four days of hearings, the Commission rendered its decree. It found that Gordon suffers from a condition of "depressive neurosis" arising out of and in the course of his employment, and that "depressive neurosis" is a personal injury within the meaning of the Act. The Commission determined that Gordon has been totally disabled since May 19, 1976, and is unable to perform any remunerative employment requiring decision-making or stressful human contact. In support of its finding of total disability, the Commission found that Gordon requires further psychiatric treatment for a minimum period of one year, concluding that:

The employee's self-confidence should be restored before attempting any remunerative employment. Any failure at this stage of his treatment would only exacerbate his condition. Some work activity is therapeutic, but it should be confined to work activity at home until he has regained his self-confidence.

The Commission made no findings as to any attempt by Gordon to secure other employment, or as to his ability to perform

work *not* requiring decision-making or stressful human contact. The Commission ordered that compensation be paid for total incapacity from May 19, 1976, to continue thereafter until adjusted under § 54 of the Act.

Before this Court, Aetna asserts as the only claim of error the Commission's finding of total incapacity after August 26, 1977. Aetna urges that medical testimony clearly indicates a partial incapacity after that date. It asserts that in the absence of evidence of a reasonable work search, a finding of total incapacity is an error of law.

"Total incapacity" under the Act has been defined as:

. . . such incapacity for work that the employee is unable to perform any services, either because of his physical inability to perform in a medical and/or neurological sense or by reason of unavailability . . . of the type of work commensurate with his limited capacity, and ability to perform services . . ."

*Levesque v. Shorey,* Me., 286 A.2d 606, 610–611 (1972).

■ It is firmly established that "[t]he extent of incapacity from which an employee suffers is a question of fact," *Hamel v. Pizzagalli Corp.,* Me., 386 A.2d 741, 743 (1978). Although the Commission did not explicitly find in its decree that Gordon is unable to perform work that does not involve decision-making or stressful human contact, the law permits a review of factual conclusions based wholly or partially on inference. *See Sargent v. Raymond F. Sargent, Inc.,* Me., 295 A.2d 35 (1972). On review, the decision of the Commission will be sustained where supported by competent evidence. *Crocker v. Eastland Woolen Mill, Inc.,* Me., 392 A.2d 32 (1978).

■ The record of the hearings before the Commission contains sufficient evidence to support the finding that Gordon was medically totally incapacitated by his "depressive neurosis", even after August 26, 1977. Doctor Kawamura, a psychiatrist, testified that he was encouraging Gordon, as a form of therapy, to attempt some less stressful work activity *if* he could tolerate it. Gordon's own testimony indicates that he still relies upon valium and other drugs, and that he continues to suffer from an emotional disturbance, unable to relate well with his family or to function socially with others.

It is true that on August 26, 1977, Doctor Kawamura wrote a formal report to Aetna in which he remarked, "I do not think patient can function as an insurance adjuster. He may be able to do some office work without much stressful human contact." In a workers' compensation proceeding, however, the Commission is entitled to resolve such factual issues by evaluating the credibility of the witnesses. *MacKenzie v. H. Tabenken & Co., Inc.,* 382 A.2d 1047 (1978). As we have noted previously, "[t]he Commissioner was not required to accept the medical evaluation in whole. . . . He had the right and the duty to weigh it in the light of the record in its totality, taking into consideration the seriousness of the employee's injury, *his obvious physical difficulties,* (and) his candid appearance as a witness . . . ." *Dailey v. Pinecap, Inc.,* Me., 321 A.2d 492, 495 (1974). It was clearly within the province of the Commission to find, in view of the entire record, that Gordon continued to be totally disabled after August 26, 1977.

■ Because we decide that the Commission's finding of total disability is supported by credible evidence that Gordon is medically incapable of performing any remunerative work, we need not review the record for possible evidence of a work search. Neither need we address Gordon's contention that the proper test for total disability is whether the claimant can perform work consistent with his qualifications and training. It should be noted, however, that this Court has already rejected such a limitation on work availability. In *Theriault v. Walsh Construction Co.,* Me., 389 A.2d 317, 320 (1978), we stated, "[c]ompensation is awarded for loss of capacity to earn, not for incapacity to do the same kind of work as before the injury." In a footnote to *Theri-*

*ault,* we explained that "once a finding of partial physical incapacity is made, the issue becomes not whether he could *do* work as a carpenter but whether he could *find* work—as a carpenter or otherwise." *Id.* at 320.

The entry must be:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

McKUSICK, C. J., and DELAHANTY, J., did not sit.