**Richard CLARK**

v.

**DeCOSTER EGG FARMS and U. S. Fidelity & Guaranty Company.**

Supreme Judicial Court of Maine.

Argued Sept. 16, 1980.

Decided Oct. 30, 1980.

Berman, Berman & Simmons, P. A., Robert A. Laskoff (orally), John E. Sedgewick, Lewiston, for plaintiff.

Robinson & Kriger, James S. Kriger (orally), Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

GODFREY, Justice.

On February 3, 1979, Richard Clark, forty–three years old, sustained injury while employed by the appellee, DeCoster Egg Farms, as foreman of its sheep and cattle farm. While bending over to attend a new–born lamb, he was butted by a mischievous ram. The force of the blow threw Clark forward, causing him to strike a wooden feeder and break one or two teeth. On February 5, 1979, he filled out and submitted to the appellee an "Employee's Injury Report" on a form supplied by the appellee. In a part of the form entitled "Describe your injury and how accident happened," he wrote, "When I went to pick up a lamb, the Ram hit me with his head and nocked me head first in the hay feeder and brock to teeth" [sic]. The employer received no other written report of the injury.[1] Clark testified before the Commission that he had recurrent back pain after the incident.

The record discloses conflicting testimony as to whether Clark ever gave oral notice to the appellee or its agents of any injury to his back resulting from the incident. Clark

---

1. The employer's own first report of injury included the following entries:

> 23. How did the injury occur? ... While feeding the sheep he picked up a baby lamb and a ram came and hit him in the rear and he fell into the hay feeder.

> 24. Describe the injury or illness in detail and indicate the part of the body affected. ... When he fell into the feeder he broke his two front teeth.
> 25. Name the object or substance which directly injured the employee. ... The ram bunted him in the rear. [sic]

continued working for the appellee until March 9, 1979, when he went to North Carolina to attend to a family matter, and from there to Florida. He first sought medical attention for his back early in April, 1979, in Florida, and on April 27, 1979, filed a petition for award of compensation for injuries to his "face, head, teeth and back, and naval" [sic], which he asserted were the result of the February 3 incident. Appellee's answer denied the material allegations of the petition and pleaded that notice of Clark's alleged back injury was not given within thirty days of the injury as 39 M.R.S.A. § 63 (1978) requires.[2] Besides the time, place, and cause of injury, section 63 requires that the employee's report include "the nature of the injury."

On December 14, 1979, the Workers' Compensation Commission awarded compensation for dental injuries suffered by Clark as a result of the incident with the ram but denied him compensation for any injury to his back. In its decree, the Commission made a specific finding that the employee sustained injuries to his face, head, and teeth but "did not give notice with respect to the condition of his back." The Commission apparently concluded that Clark's report on February 5 did not comply with section 63 with respect to any back injury because it did not explicitly refer to such an injury.

From a pro forma judgment of the Superior Court, Androscoggin County, affirming the Commission's decree, Clark appeals. We sustain the appeal.

At the hearing before the Commission, Clark tried to prove that his written notice of February 5 had been supplemented by timely oral notice of a back injury, given to appropriate agents of the employer a few days after the incident. Clark asserts as his chief ground for appeal that the Commission erred in finding that such oral notice was not given. The transcript of the conflicting testimony on the point reveals competent evidence to support the Commission's finding. That finding, being one of fact, is thus conclusive. Nevertheless, in view of all the circumstances, the Commission erred as a matter of law in treating Clark's timely written notice of injury as invalid or insufficient to convey adequate notice of "the injury" within the meaning of section 63.

Section 64 of the Workers' Compensation Act provides as follows:

A notice given under section 63 shall not be held invalid or insufficient by reason of any inaccuracy in stating any of the facts therein required for proper notice, unless it is shown that it was the intention to mislead and that the employer was in fact misled thereby. Want of such notice shall not be a bar to proceedings under this Act if it be shown that the employer or his agent had knowledge of the injury. Any time during which the employee is unable by reason of physical or mental incapacity to give said notice, or fails to do so on account of mistake of fact, shall not be included in the 30-day period specified. . . .

It should be observed that the instant case cannot be regarded as one of mistake of fact on the part of the employee, tolling the notice period. It is not a case of latent injury where symptoms did not manifest themselves until considerable time had elapsed after the causative work–related incident. See *Brackett's Case*, 126 Me. 365, 138 A. 557 (1927) (groin strain, thought trivial; no notice for six months; prompt notice after resulting hernia discovered; claim upheld on ground of mistake); *Fogg's Case*, 125 Me. 524, 134 A. 626 (1926) (fall caused breast injury, thought trivial; no notice; employer knew of accident within 30 days; surgery for resulting breast tumor six months later; claim upheld on ground of employer's "knowledge of the injury");

---

2. The relevant provisions of 39 M.R.S.A. § 63 are as follows:

No proceedings for compensation under this Act, except as provided, shall be maintained unless a notice of the injury shall have been given within 30 days after the date thereof. Such notice shall include the time, place and cause, and the nature of the injury, together with the name and address of the person injured. . . .

*Bartlett's Case,* 125 Me. 374, 134 A. 163 (1926) (hernia from lifting; no notice; employer knew of operation on strangulated hernia two weeks later but did not know until six months later that hernia had been work–related; claim denied). *See also Sheehan's Case,* 128 Me. 177, 180, 146 A. 258, 259 (1929). On the contrary, the basis of Clark's claim is that he had back pain soon after the incident and gave actual notice of the problem orally to appropriate agents of the employer. We are bound by the Commission's finding that he did not give such notice. However, nothing in the Commission's decree or in the evidence of record suggests that the omission in Clark's February 5 report of any specific reference to a back injury was the product of any intention on his part to mislead.

This not being a case where latent injury remained unrecognized during the thirty–day period for reporting, the critical issue is whether Clark's omission to specify any back injury in his notice of February 5 should be regarded as an "inaccuracy in stating any of the facts therein required for proper notice", within the meaning of the first sentence of section 64, set forth above. Despite the many cases that have construed various provisions of section 64 and its predecessors,[3] the language in question has not been heretofore construed by this Court.

Thus, the operative facts of this case may be summarized as follows:

(1) Clark gave his employer prompt written notice adequately describing the time, place, and cause of the incident leading to the injury, and the nature of his dental injury.

(2) From the description of "the injury" in the employer's written report of injury, it is apparent that appellee knew that the ram had hit Clark "in the rear" while Clark was picking up a new–born lamb.

(3) Clark's report specified dental injury but did not mention specifically any injury to his back.

(4) The employer was not given any oral notice of a back injury caused by the incident.

(5) Clark's omission to refer to any back injury in his February 5 report was not the product of any intention to mislead.

■ Two policies, expressed by different provisions of the Workers' Compensation Act, compete for application in this case. It is important that an employer be soon apprised that an injury has occurred in order that he may determine whether it is work–related, *Farrow v. Carr Bros. Co., Inc.,* Me., 393 A.2d 1341 (1978),[4] and take steps to assure prompt medical attention and early investigation of the circumstances. *See* 3 A. Larson, *Workmen's Compensation Law* § 78.30 (1976). The requirement of early notice of injury affords both employer and employee a measure of protection against false or mistaken claims and contentions. On the other hand, the Act is remedial in nature and is to be so construed to accomplish its beneficent purposes and avoid incongruous or harsh results. *See* 39 M.R.S.A. § 92 (Supp.1979–80); *Gilbert v. Maheux,* Me., 391 A.2d 1203, 1205 (1978); *Levesque v. Levesque,* Me., 363 A.2d 951 (1976); *Ross v. Oxford Paper Co.,* Me., 363 A.2d 712, 716 (1976).

In a reconciliation of those two policies in their application to the present case, it is necessary to remember that when an accident has occurred, the employee who makes his report of what seems to be a relatively minor injury usually does so without guidance of counsel. In complete good faith, through lack of education or sophistication, he may describe his "injury" in less than full detail, not recognizing that his description may later become crucial for obtaining benefits under the Act. Indeed, in this case it was the employer's own initial report of injury that specified an important fact not wholly obvious from Clark's own report:

---

3. The "inaccuracy" provision has remained unchanged in the Workers' Compensation Act since its original enactment in P.L.1915, ch. 295, § 20.

4. *See also Bartlett's Case,* 125 Me. 374, 134 A. 163 (1926).

namely, that Clark had been hit "in the rear." Employees who are injured in accidents may not specify every resulting pain or discomfort they may suffer at the time of reporting, having a reasonable expectation that most of those pains and discomforts will soon disappear. Furthermore, an employee who has given in good faith an adequate report of the time, place, cause, and obviously injurious consequences of an accident may not recognize the need to supplement his initial report at a later date if a condition thought unimportant at the time of reporting eventually proves to be serious.

■ The form of "Employee's Injury Report", on which Clark made his report of injury, provided space for the employee's entry of information under the simple heading "Describe your injury and how accident happened." Clark gave a truthful account of the time, place, and cause of the injury and in good faith specified the injury he recognized as immediate and obvious at the time of reporting. The employer knew that the accident involved sudden unexpected force against the employee's "rear" while the employee was engaged in lifting a lamb. In view of this knowledge on the part of the employer, the purposes underlying the requirement of early reporting of injuries were substantially fulfilled in this case by Clark's report. Within a few days of the incident, the employer had all the information it needed to investigate the circumstances, determine whether any injury to the employee was work–related, and ascertain more exactly the extent of injury if it wanted to do so in view of the available information. Clark's lack of specification of a back injury in his description of his injury should be characterized as an "inaccuracy" within the meaning of section 64 of the Act, with the result that his written notice of February 5 was not invalid or insufficient as notice meeting the requirements of section 63.

Our conclusion draws some support from several cases in other jurisdictions upholding benefits to employees whose reports of injury have been incomplete in their descriptions of injury. Because of differences in statutory language, those cases do not provide direct precedent for our resolution of the present case, but they hold for the employee on the basis of closely similar considerations of policy. *See, e. g., Butler Bros. v. Mabin,* 171 Md. 126, 187 A. 872 (1936); *Earl W. Baker & Co. v. Maples,* 155 Okl. 105, 8 P.2d 46 (1932); *Texas Indemnity Ins. Co. v. Bridges,* 52 S.W.2d 1075 (Tex.Civ. App.1932).

The Commission has never determined whether Clark suffered any compensable work–related injury to his back, and therefore the case must be remanded to the Commission for a finding on that issue. The Commission should make that determination on the basis of the existing record unless it deems a further hearing necessary or desirable for the purpose.

The entry is:

Appeal sustained.

Pro forma judgment vacated.

Remanded to the Superior Court to be remanded in turn to the Commission for further proceedings consistent with the opinion herein.

It is further ordered that employer De-Coster Egg Farms pay to employee Clark $550 for his counsel fees plus his reasonable costs of this appeal.

All concurring.