Robert F. CORBETT

v.

RILEY–STOKER CORPORATION and
Liberty Mutual Insurance Company.

Supreme Judicial Court of Maine.

Argued Jan. 9, 1981.
Decided March 2, 1981.

McTeague, Higbee & Tierney, Patrick McTeague (orally) and Ralph L. Tucker, Brunswick, for plaintiff.

Richardson, Tyler & Troubh, Kevin M. Gillis (orally) and Ronald D. Russell, Portland, for defendants.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

ROBERTS, Justice.

The Riley-Stoker Corporation appeals from the pro forma decree affirming a decision of the Worker's Compensation Commission awarding Robert F. Corbett additional compensation for incapacity resulting from a 1976 injury. Riley-Stoker contends on appeal that the Commissioner's findings were not supported by competent evidence and specifically that the 1976 injury was not a cause of the employee's later disability. We affirm the judgment.

Mr. Corbett was a boilermaker from Plymouth, Massachusetts. On November 27, 1976, he was employed by the Riley-Stoker Corporation at a job in Old Town. While pulling on a wrench, he felt a "pop" in his back and experienced immediate incapacitating pain. Corbett received conservative treatment for the back injury and remained out of work until April 3, 1977. During this period, Corbett received compensation for total incapacity.

Corbett returned to work even though he still had significant physical limitations. Although he could perform only the lighter tasks assigned to the boilermaker work crew, Corbett received his regular level of pay. His difficulties continued until he was referred to Dr. Brougham, a neurosurgeon, who scheduled a myelogram for Corbett in March, 1978.

On March 6, 1978, before the myelogram was performed, Corbett experienced a sudden onset of severe pain. The next day, Dr. Brougham operated and removed a large, previously undetected tumor around the third and fourth vertebrae. The tumor contained several blood clots. According to Dr. Brougham, these clots resulted from prior

episodes of hemorrhaging caused by twisting, straining, or some other trauma of the tumor. Corbett tried to return to work in October, 1978, but was shortly afterwards laid off. He suffered reduced use of his legs as a continuing disability.

On the petition for further compensation, the Commissioner found that the 1976 trauma aggravated the previously asymptomatic tumor and that the symptoms of that trauma remained a factor in Corbett's condition until the March 7, 1978, surgery. Concluding that the 1976 trauma was therefore a cause of the later disability, the Commissioner awarded compensation for total incapacity from March 7 through October 13, 1978, and for fifty percent partial disability from November 28, 1978, through February 1, 1979.

■ Riley-Stoker contends that the evidence does not support this finding of causal relationship between the 1976 injury and the 1978–79 disability. Instead, the employer asserts that the evidence showed that Corbett's disability resulted solely from the independent growth of the tumor and the March 6, 1978, incident.

Although the defendant's explanation may find support in the evidence presented, we cannot say that the Commissioner's findings are clearly erroneous. Corbett's testimony supports the finding that some symptoms of the 1976 compensable injury continued until the date of surgery. Furthermore, Dr. Brougham's testimony supports a finding that the tumor itself was not the sole cause of the condition that led to the surgery and resulting disability. Instead, his testimony suggests that Corbett's painful condition was caused by a "mass" consisting of tumor cells and old blood clots intruding into the confined area around the vertebrae. As the mass expanded, it impinged on the nerves radiating from the spinal column, causing the pain and thus requiring surgery. Although Dr. Brougham testified that the 1976 injury did not cause or accelerate the growth of the actual tumor cells, he did indicate that the tumor mass probably included a clot from the 1976 injury and that its size was greater because of that injury. The Commissioner could then conclude that this increase in size was sufficient to trigger the conditions requiring surgery.

■ The evidence, therefore, warranted the Commissioner's finding that the 1976 injury was a contributing cause of Corbett's disability. *See Smith v. Dexter Oil Company*, Me., 408 A.2d 1014 (1979). Although there may be evidence supporting a different result, we are limited to determining whether the record contains competent evidence supporting the Commissioner's findings. *Dunton v. Eastern Fine Paper*, Me., 423 A.2d 512, 518 (1980). Because the record here does provide such support, we must affirm his decision.

The entry is:

Pro forma judgment affirmed.

It is ordered that the employer pay to the employee $550.00 for his counsel fees plus his actual and reasonable out-of-pocket expenses of this appeal.

All concurring.