**Norman ST. PIERRE**

v.

**MORIN BRICK CO. et al.**

Supreme Judicial Court of Maine.

Argued March 4, 1981.
Decided April 6, 1981.

Gauvreau & Thibeault, N. Paul Gauvreau (orally), Lewiston, for plaintiff.

Norman & Hanson, Theodore H. Kirchner (orally), Portland, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and CARTER, JJ.

McKUSICK, Chief Justice.

In this workers' compensation case the employee, Norman St. Pierre, appeals from the *pro forma* judgment of the Superior Court (Androscoggin County) affirming the

Workers' Compensation Commission's denial of the employee's petition for an award of compensation. The commissioner who decided the case below found as fact that St. Pierre suffered a back injury on May 29, 1979, but that "[t]here is no evidence which suggests that the employer was either told or otherwise learned of the work-related nexus with this injury." The commissioner accordingly held that the employee's claim was barred by his failure to give the 30-day notice required by 39 M.R.S.A. § 63,[1] and that his default was not excused by independent knowledge of the employer to satisfy 39 M.R.S.A. § 64. We deny the employee's appeal.

Before this court the employee concedes that he never gave the section 63 notice to the employer of his injury, but contends that his failure to give the required notice is in any event excused under section 64. By the terms of the latter section, want of the 30-day notice "shall not be a bar to proceedings under this Act if it be shown that the employer or his agent had knowledge of the injury." The employee argues that the commissioner could and should have inferred section 64 knowledge on the part of the employer from record evidence that the employee had no back trouble prior to his transfer to a job as a "dumper" in May 1979, that the dumper job was physically demanding, and that his back trouble occurred soon after he undertook that more arduous job.

The commissioner below made his findings of fact solely upon the basis of a transcript of testimony taken before another commissioner and other written evidence. For that reason, the employee argues that the Law Court is in as good a position as the commissioner to make its own findings of fact as to the knowledge of the employer

1. 39 M.R.S.A. § 63 provides in pertinent part:
No proceedings for compensation under this Act, except as provided, shall be maintained unless a notice of the injury shall have been given within 30 days after the date thereof. Such notice shall include the time, place and cause, and the nature of the injury, together with the name and address of the person injured. It shall be given by the person injured or by a person in his behalf . . . .

Such notice shall be given to the employer . . .; or, if the employer is a corporation, to any official thereof; or to any employee designated by the employer as one to whom reports of accidents to employees should be made. It may be given to the general superintendent or to the foreman in charge of the particular work being done by the employee at the time of the injury.

for purposes of section 64 excuse. Whatever intimations of support some earlier opinions of this court might give that argument, we have recently emphatically rejected it. As we said in *Dunton v. Eastern Fine Paper*, Me., 423 A.2d 512, 517 (1980):

> [R]eview over fact finding by the Commission is narrow, requiring our deference to the Commissioner's conclusions if they are supported by competent evidence. *See Wing v. Cornwall Industries*, Me., 418 A.2d 177 (1980). It would be anomalous to adhere to a supposed exception to this standard simply because the parties, for convenience, rely upon written evidence.... For the guidance of the bar, ... we disavow any suggestion that a trial de novo may be had on appeal in workers' compensation cases.

As in *Dunton*, we decline the invitation to review the evidence independently. The *Dunton* rule applies to any factfindings of the commissioner, whether they relate to the merits of the petition at hand or to a preliminary question of notice as in the case at bar. Even if "there may be evidence supporting a different result, we [on appeal] are limited to determining whether the record contains competent evidence supporting the [c]ommissioner's findings." *Corbett v. Riley-Stoker Corp.*, Me., 425 A.2d 1335, 1336 (1981).

■ We are willing to assume that on the present written record the commissioner might rationally have inferred section 64 knowledge on the part of the employer. However, the record does not compel that inference as the exclusive one. This is not a case such as *Clark v. DeCoster Egg Farms*, Me., 421 A.2d 939 (1980), where the only issue was whether a timely notice of a job-related injury was sufficient in its description of the physical disability suffered by the employee. Here, the employee had the burden of proving that it was more likely than not "that the employer was notified or knew that the employee received a job-related injury." *Murray v. T. W. Dick Co., Inc.*, Me., 398 A.2d 390, 391 (1979). The possibility that an inference could be drawn that the employer knew that the employee's condition arose out of his employment does not bar the factfinder from drawing the contrary inference from other evidence. *A fortiori*, that possibility does not bar the factfinder from concluding that the employee has failed to carry his burden of proof. Since there is sufficient competent evidence in the present record to support the commissioner's finding that the employee has not carried his burden of proof on the issue of the employer's knowledge, the commissioner's rejection of the asserted section 64 excuse will not be disturbed on appeal.

The entry must be:

Appeal denied.

*Pro forma* judgment of the Superior Court affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.