Phyllis A. MATYSKIELA

v.

**EMPLE KNITTING MILLS**

and

**Lumbermens Mutual Casualty Co.**

Supreme Judicial Court of Maine.

Argued Nov. 6, 1981.

Decided Nov. 30, 1981.

Leen, Emery & Silver, P. A., Warren M. Silver (orally), Bangor, for plaintiff.

Rudman & Winchell, Michael P. Friedman (orally), and Frank T. McGuire, Bangor, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, VIOLETTE, and WATHEN, JJ.

## MEMORANDUM DECISION.

The petitioner, Phyllis A. Matyskiela, appeals from a pro forma judgment of the Superior Court, Penobscot County, affirming the denial of her petition for award of compensation by the Workers' Compensation Commission. She challenges the Commissioner's finding that her failure to file her petition within two years of the date of her work-related injury was not due to a mistake of fact as to the cause and nature of her injury. 39 M.R.S.A. § 95 (Supp. 1981–82). We affirm the judgment.

The statutory exception for mistake of fact does not include instances where the employee knows of the injury and its cause. *Pino v. Maplewood Packing Company*, Me., 375 A.2d 534, 537–38 (1977). A mistake of fact occurs "either when some fact which really exists is unknown or some nonexistent fact is supposed to exist." *St. Pierre v. St. Regis Paper Company*, Me., 386 A.2d 714, 720 (1978). The Commissioner found that neither situation was presented by the facts in this case.

The record on this appeal contains competent evidence to support the Commissioner's findings that Mrs. Matyskiela's injury was not latent and that she knew shortly after her fall that her pain was possibly attributable to that work-related incident. 39 M.R.S.A. § 99 (Supp. 1981–82); *Corbett v. Riley-Stoker Corp.*, Me., 425 A.2d 1335, 1336 (1981). The fact that Mrs. Matyskiela was waiting for medical confirmation of the connection between the fall and the injury does not constitute a mistake of fact under 39 M.R.S.A. § 95. *Upham v. Van Baalen Pacific Corp.*, Me., 420 A.2d 1229, 1232 (1980).

The Commissioner decided, based on his findings of fact, that Mrs. Matyskiela had not carried her burden of persuasion on the issue of mistake. Under the limited scope of appellate review provided in workers' compensation cases, we find no reason to disturb the Commissioner's decision. *Dunton v. Eastern Fine Paper Company*, Me., 423 A.2d 512 (1980).

The entry is:

Appeal denied.

Judgment affirmed.

It is further ordered that the employer pay to the employee an allowance of $550 for his counsel fees, plus his reasonable out-of-pocket expenses for this appeal.

All concurring.