**Roland DION**

v.

**Herschel SMITH.**

Supreme Judicial Court of Maine.

Argued Jan. 17, 1990.
Decided March 16, 1990.

James W. Claus (orally), James P. Dunleavy, Dunleavy Law Offices, P.A., Presque Isle, for plaintiff.

Frank H. Bishop (orally), Stevens, Engels, Bishop & Sprague, Presque Isle, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

The plaintiff, Roland Dion, an employee of the defendant, Herschel Smith, appeals the decision of the Workers' Compensation Commission Appellate Division affirming the Commission's decision denying Dion's petitions for the award of compensation for work-connected injuries suffered by Dion on October 19 and November 6, 1985. Because we hold that section 64 requires that an employee establish that his employer had *actual* knowledge of a claimed work-connected injury to prevent want of notice under section 63 from being a bar to proceedings under the Workers' Compensation Act, 39 M.R.S.A. §§ 1–195 (1989 & Supp. 1989) (Act),[1] we affirm the decision of the Appellate Division as to Dion's injury of October 19, 1985. The Commission, however, made no finding as to the compensability for the period of Dion's claimed initial incapacity following his injury of November 6, 1985, of which Smith had notice. Accordingly, we vacate the decision of the Appellate Division as it related to Dion's injury of November 6, 1985 and remand that matter to the Commission for further findings.

On October 19, 1985, Dion hit his head on a potato harvester while employed as a farm laborer by Smith. Although on the following day he received medical treatment at a hospital emergency room, he missed no time from his work nor did he notify Smith of the injury. On November 6, 1985, Dion suffered a second injury to the back of his neck that caused him to lose time from work during the period of November 6 through November 17. Smith received notice of this injury. On November 13, Dion received medical treatment from Dr. Eric Fishman and requested that the bill for the treatment be sent to Smith. On November 15, Smith's office manager, whose duties included processing workers' compensation claims, received a statement from Blue Shield for the amount owed on account of Dr. Fishman's medical services. In addition to the billing information, this statement included a date of October 20, 1985 as the "date of illness or injury," the letters "W/C" at the top of the page with a response of "yes" to the question "was the condition related to the patient's employment?" and that the treatment was for "neck pain." Because the only record of any claim by Dion was for his injury of November 6, the office manager attached the Blue Shield statement to records maintained for that injury without noticing the "date of illness or injury." Sometime after

---

1. 39 M.R.S.A. § 63 (1989 & Supp.1989) provides in pertinent part:
   No proceedings for compensation under this Act, except as provided, shall be maintained unless a notice of the injury shall have been given within 30 days after the date thereof. Such notice shall include the time, place and cause, and the nature of the injury, together with the name and address of the person injured....

Such notice shall be given to the employer ... or to any employee designated by the employer as one to whom reports of accidents to employees should be made.
39 M.R.S.A. § 64 provides in pertinent part:
   Want of such [notice pursuant to section 63] shall not be a bar to proceedings under this Act if it be shown that the employer or his agent had knowledge of the injury.

November 17,[2] Dion returned to work and continued to work through February 20, 1986, at which time, on medical advice, he discontinued working. In May, 1986 a cervical fusion was performed to stabilize Dion's cervical spine.

On May 2, 1986, Dion filed petitions seeking compensation for both the October 19 and November 6, 1985 injuries. After a hearing on the petitions, the Commission found that within the 30 days following Dion's injury of October 19, Dion had not given notice of the injury to his employer nor did his employer have knowledge of the injury and denied Dion's petition seeking compensation on that account. Further, the Commission found that there was no clear evidence causally connecting Dion's incapacity after February 20, 1986 with his injury of November 6, 1985 and denied his petition relating to that injury. The Commission made no finding concerning the compensability of the initial November 6 through 17, 1985 period of incapacity following Dion's injury of November 6, 1985. The Commission denied Dion's motion pursuant to section 99 for findings of fact and conclusions of law.[3] The Appellate Division affirmed the decision of the Commission, and Dion appealed.

■ Dion first contends that the Commission erred in denying his petition for compensation for his injuries of October 19, 1985 because the statement of Blue Shield, received by Smith's office manager on November 15, 1985, established that Smith had constructive knowledge of Dion's October 19 injury. He argues that section 64 requires that an employer need have only constructive knowledge of a claimed work-related injury sustained by an employee to allow the employee to maintain a proceeding for compensation under the Act. We disagree.

In *Kuvaja v. Bethel Savings Bank*, 495 A.2d 804, 806 (Me.1985), we clearly defined our role on appeals from decisions of the Appellate Division as being "limited strictly to reviewing for errors of law." *See also* 39 M.R.S.A. § 103–C(1) (1989) (petition seeking discretionary review of Law Court to set forth alleged errors of law). "[T]he scope of the review that the Appellate Division is empowered to give to commission decisions is neither broader nor narrower than appellate review by the Law Court." *Wilner Wood Products v. Moyse*, 466 A.2d 1257, 1260 (Me.1983).

■ Dion makes no claim that he complied with the notice requirements of section 63 with regard to his October 19 injury but relies solely on his contention that the "knowledge" requirement of section 64 was satisfied by the receipt of the Blue Shield statement for medical treatment of Dion by Smith's office manager. We have previously held that for an employer's knowledge of injury to serve in lieu of a section 63 notice the knowledge must be had within 30 days after the injury. *Bartlett's Case*, 125 Me. 374, 134 A. 163 (1926). We now hold that the employer or his agent must have *actual* knowledge of the employee's injury to satisfy the requirement of section 64. On the record in this case the Commission properly denied Dion's petition for compensation on account of his October 19 injury. *See Pomerleau v. United Parcel Service*, 464 A.2d 206, 208–209 (Me.1983) (determination whether worker's compensation claimant has met required burden of proof is question of fact and must be treated for purposes of appellate review as determination of fact).

■ Dion also contends that the Commission erred by declining to make requested findings of fact and conclusions of law

2. Dion injured his hand while using a snowblower on November 17, 1985 and did not return to work until January, 1986. The injury to his hand was not related to his employment. For that reason Dion claims compensation benefits only for the period of time directly attributable to his injury of November 6.

3. 39 M.R.S.A. § 99 (1989) provides in pertinent part:

The commissioner shall, upon the request of a party made as a motion within 20 days after notice of the decision or may upon its own motion find the facts specially and state separately its conclusions of law thereon and file the appropriate decision if it differs from the decision filed before the request was made.

concerning the compensability of his initial November 6–17, 1985 period of incapacity following his injury of November 6. We agree. In denying Dion's petition for compensation for his injury of November 6th the Commission focused on the period of claimed incapacity *after* February 20, 1986. The Commission did not address the period of initial incapacity following the injury, although Dion requested the Commission to do so pursuant to section 99.

By the Commission's denial of Dion's motion for findings of fact and conclusions of law, Dion could not obtain an adequate foundation for appellate review of this issue. *See Gallant v. Boise Cascade Paper Group,* 427 A.2d 976, 977 (Me.1981). We have previously stated that when, as here, "a party has requested specific findings of fact and conclusions of law and the Commission has wrongfully failed to fulfill its responsibility to make such findings and conclusions, the case must be remanded to the Commission." *Id.*

The entry is:

Judgment denying Dion's petition for injuries of October 19, 1985 affirmed. Judgment denying Dion's petition for injuries of November 6, 1985 vacated. Remanded to the Appellate Division to enter its decision remanding the matter to the Commission to determine what compensation, if any, Dion is entitled to for the period of November 6–17, 1985.

All concurring.